| B104 (Rev. 2/92) | **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Bay State Savings Bank | Michael F. Dundon<br>8004 Gallery Way<br>McKinney, TX  75070-8400 |
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Philip M. Stone, Esq.<br>44 Front Street<br>Worcester, MA  01608<br>Tel. 508.755.7354 | ATTORNEYS (If Known)<br>David M. Nickless, Esq.<br>Nickless & Phillips<br>495 Main Street<br>Fitchburg, MA  01420 |

| PARTY (Check one box only) | ☐ 1 U.S. PLAINTIFF | ☐ 2 U.S. DEFENDANT | ☒ 3 U.S. NOT A PARTY |
|---|---|---|---|

CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Objection to Discharge, 11 USC Sec. 523 (a)(2)

**NATURE OF SUIT**
(Check the one most appropriate box only.)

| | | |
|---|---|---|
| ☐ 454 To recover money or property | ☐ 455 To revoke an order of confirmation of a Chap. 11, Chap. 12, or Chap. 13 Plan | ☐ 456 To obtain a declaratory judgment relating to any of the foregoing causes of action |
| ☐ 435 To determine validity, priority, or extent of a lien or other interest in property | ☒ 426 To determine the dischargeability of a debt 11 U.S.C. § 523 | ☐ 459 To determine a claim or cause of action removed to a bankruptcy court |
| ☐ 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property | ☐ 434 To obtain an injunction or other equitable relief | ☐ 498 Other (specify) |
| ☐ 424 To object or to revoke a discharge 11 U.S.C. § 727 | ☐ 457 To subordinate any allowed claim or interest except where such subordination is provided in a plan | |

| ORIGIN OF PROCEEDINGS (Check one box only.) | ☒ 1 Original Proceeding | ☐ 2 Removed Proceeding | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another Bankruptcy Court | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 |
|---|---|---|---|---|---|

| DEMAND | NEAREST THOUSAND $ 196,042.12 | OTHER RELIEF SOUGHT | ☐ JURY DEMAND |
|---|---|---|---|

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR  Michael F. Dundon | BANKRUPTCY CASE NO.  04-41946-JBR |
|---|---|
| DISTRICT IN WHICH CASE IS PENDING  Massachusetts | DIVISIONAL OFFICE  Western | NAME OF JUDGE  Rosenthal, J. |

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

| FILING FEE    (Check one box only.) | ☒ FEE ATTACHED | ☐ FEE NOT REQUIRED | ☐ FEE IS DEFERRED |
|---|---|---|---|

| DATE  9/22/2004 | PRINT NAME  Philip M. Stone | SIGNATURE OF ATTORNEY (OR PLAINTIFF) |
|---|---|---|

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

Michael F. Dundon
　　　Debtor

CHAPTER 7
CASE NO. 04-41946-JBR

Bay State Savings Bank
　　　Plaintiff
v.
Michael F. Dundon
　　　Defendant

Adv. Pro. No.

## COMPLAINT OBJECTING TO DISCHARGE OF DEBT UNDER SECTION 523

1.　　The Plaintiff Bay State Savings Bank ("Bay State" or "the Bank") is a duly chartered savings bank with a principal place of business in Worcester, Massachusetts.

2.　　The Defendant Michael F. Dundon resided at 318 Dutton Road, Sudbury, Massachusetts at the time he filed his petition for relief with this Court. Upon information and belief, Mr. Dundon presently resides at 8004 Gallery Way, McKinney, Texas 75070-8400.

3.　　On or about February 9, 2004, Dundon Consulting, Inc., filed its Chapter 11 Petition in Bankruptcy with this Court, Case No. 04-40591-HJB.

4.　　Bay State is the current payee of four loan obligations totaling $196,042.12 as of February 9, 2004.

5.　　Loan #1, in the principal amount of $100,000.00, was originally entered into between Wheelchairs Unlimited, Inc., the predecessor entity which owned the business operated by Dundon Consulting, Inc., and Community National Bank on or about March 19, 1998.

On or about January 4, 2000, the loan was transferred from Community National Bank to Bay State Savings Bank.

6. Loan #2, in the principal amount of $92,000.00, was originally entered into between Wheelchairs Unlimited, Inc., the predecessor entity which owned the business operated by Dundon Consulting, Inc., and Bay State Savings Bank, with a personal guarantee executed by Michael E. Paszkiewicz, the President of Wheelchairs Unlimited, Inc., on or about February 8, 2000.

7. Also on February 8, 2000, Wheelchairs Unlimited, Inc. and Bay State Savings Bank entered into a third borrowing arrangement consisting of a Note for $50,0000 and a Security Agreement, with a personal guarantee executed by Michael E. Paszkiewicz. On June 20, 2000, the parties entered into a fourth borrowing arrangement consisting of a Note for $30,0000 and a Security Agreement, with a personal guarantee executed by Michael E. Paszkiewicz.

8. In 2002, Paszkiewicz and Michael Dundon entered into an agreement wherein Dundon agreed to acquire the assets of Wheelchairs Unlimited, Inc. A new entity, Dundon Consulting, Inc., (now Bankruptcy Case No. 04-40591-HJB), was created to effectuate the purchase.

9. An Agreement for the Assumption of Indebtedness dated September 27, 2002, was executed by Michael E. Paszkiewicz, as President of Wheelchairs Unlimited, Inc. and individually, by Michael Dundon as President of Dundon Consulting, Inc. and individually, and by Bay State Savings Bank.

10. Also on September 27, 2002, Michael Dundon executed personal guarantees of payment of Loan #1, then having an outstanding  balance of $57,736.98, and Loan #2, then having

an outstanding balance of $76,965.71.

11. Also on September 27, 2002, Dundon Consulting, Inc. and Bay State Savings Bank entered into a borrowing arrangement, referred to here as Loan #3, consisting of a Note for $75,000.00 and a Security Agreement, with a personal guarantee executed by Michael Dundon. Proceeds of this loan paid off the loans referred to in paragraph 7, above.

12. On December 17, 2002, Dundon Consulting, Inc. and Bay State Savings Bank entered into an overdraft protection arrangement called a Minuteman Business Cash Reserve, referred to here as Loan #4, in the amount of $20,000.00, secured by an all asset lien and a personal guarantee executed by Michael Dundon.

13. As part of its loan underwriting process, Bay State had requested and obtained from Michael Dundon a written Statement of Financial Condition.

14. The Statement of Financial Condition dated April 30, 2002, was provided by Mr. Dundon to the Bank. The list of assets includes cash and cash equivalents having a value of $226,000, publicly traded securities having a value of $92,000, and other assets including jewelry and artwork having a value of $130,000.

15. The Statement of Financial Condition provided by Michael Dundon was

a. written;

b. materially false with respect to the Debtor's financial condition;

c. reasonably relied upon by Bay State in making its decision to permit the assumption by Michael Dundon of the liabilities of Wheelchairs Unlimited, Inc. and to extend additional credit in the form of loans #3 and #4; and

d. made by Michael Dundon with the intent to deceive Bay State.

16. Bay State relied upon the Statement of Financial Condition provided by Michael Dundon

to its detriment, and suffered financial harm as a result.

17.    Schedule B attached to Michael Dundon's bankruptcy petition did not include any of the personal property assets listed on the Statement of Financial Condition.

18.    On May 19, 2004, Bay State, through its counsel, wrote to Joseph Baldiga, the chapter 7 Trustee, and asked that he make inquiry of Dundon at the 341 meeting scheduled for the following day as to the whereabouts of the personal property.

19.    The 341 meeting was continued to July 26, 2004, to enable the Debtor to produce records related to the personal property listed on the Statement of Financial Condition.

20.    At the continued 341 meeting on July 26, 2004, Mr. Dundon admitted under oath that the value on his April, 2002 Statement of Financial Condition, for jewelry and art work was "an over-inflated number".

21.    He further testified that he had given approximately $100,000.00 to his first wife, Susan, who has custody of their two adult children, ages 18 and 20.  Under questioning, he admitted that there was no Order from the Probate Court directing him to make such payments.

22.    Dundon also testified that he purchased gifts for his present wife, Silke, and subsequently produced appraisals from Tiffany & Co. as to the value of those items "gifted" to his present wife.

23.    Each of the Promissory Notes referred to above includes among its definitions of Default, a failure by the Borrower to make a payment when due.  Each of the Notes in essentially the same language states that in the event of default, the Lender is empowered to sell, assign, and deliver the whole or any part of the Collateral securing the payment of the indebtedness by public or private sale.

24.   As of the date of the petition filed by Dundon Consulting, Inc., Bay State had a secured claim in the Collateral in the amount of $196,042.12, as set forth on the proof of claim filed April 19, 2004, with this Court; payment of said debt being personally guaranteed by Michael Dundon.

25.   On June 25, 2004, upon motion of the U.S. Trustee to convert the case to chapter 7 and with the filed assent of counsel for Dundon Consulting, Inc., the chapter 11 case of Dundon Consulting, Inc. was converted to chapter 7. John A. Burdick was subsequently appointed Trustee.

26.   On July 12, 2004, Bay State, which holds a lien on all assets of Dundon Consulting, Inc. was granted relief from the automatic stay by Judge Boroff.

27.   With the assent of the chapter 7 Trustee, Bay State made an entry and secured the business premises of Dundon Consulting, Inc. Investigation revealed that a four drawer filing cabinet containing business records of the corporate debtor Dundon Consulting, Inc., had been removed by Michael Dundon during the intervening weekend between the granting of the motion to convert, and the appointment of the chapter 7 Trustee.

28.   Bay State made arrangements to have the mail of Dundon Consulting, Inc. forwarded to the Bank. Among the mail reviewed was a bank statement issued by Citizens Bank, where Dundon Consulting, Inc. maintained its Chapter 11 DIP account.

29.   The statement for the period June 19, 2004 to July 21, 2004, indicates that *after* the corporate bankruptcy case was converted to chapter 7, and *after* Bay State was granted relief from stay, Michael Dundon made ATM withdrawals from the corporate DIP account from ATM machines. The statement further indicates that Mr. Dundon made repeated "balance inquiries" at ATM machines to see if additional funds were available.

30.    The funds withdrawn by Michael Dundon for his personal use were subject to the security interest of Bay State, and were fraudulently converted by the Debtor to his own use.

WHEREFORE, for the reasons set forth above, Plaintiff demands that Judgment enter in its favor against Michael F. Dundon in an amount to be determined by this Court, and further, that its claim and/or judgment of Bay State Savings Bank be determined to be non-dischargeable pursuant to Section 523(a)(2) of the Bankruptcy Code.

Bay State Savings Bank
by its attorney,

Philip M. Stone, Esq.  BBO # 544139
44 Front Street
Worcester, MA  01608
Tel. (508) 755-7354
Fax. (508) 752-3730

Dated:        September 22, 2004