| B104<br>(Rev. 2/92) | **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|---|

| PLAINTIFFS<br>Elaine L. Chao, Secretary of Labor,<br>U.S. Department of Labor | DEFENDANTS<br>Michael F. Dundon <br><br>FILED IN CLERK'S OFFICE BANKRUPTCY COURT WORCESTER, MA. 2004 SEP 24 A 10:30 |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Attorney Gregory Splagounias<br>Office of the Regional Solicitor<br>JFK Federal Building - Room E-375<br>Boston, Massachusetts 02203  617-565-2500 | ATTORNEYS (If Known)<br>Attorneys David Nickless & Janice Marsh<br>Nickless & Phillips, P.C.<br>495 Main Street<br>Fitchburg, Massachusetts  01420 |

**PARTY** (Check one box only)    ☒ 1 U.S. PLAINTIFF    ☐ 2 U.S. DEFENDANT    ☐ 3 U.S. NOT A PARTY

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

See attachment

**NATURE OF SUIT**
(Check the one most appropriate box only.)

☐ 454 To recover money or property

☐ 435 To determine validity, priority, or extent of a lien or other interest in property

☐ 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property

☐ 424 To object or to revoke a discharge 11 U.S.C. § 727

☐ 455 To revoke an order of confirmation of a Chap. 11, Chap. 12, or Chap. 13 Plan

☒ 426 To determine the dischargeability of a debt 11 U.S.C. § 523

☐ 434 To obtain an injunction or other equitable relief

☐ 457 To subordinate any allowed claim or interest except where such subordination is provided in a plan

☐ 456 To obtain a declaratory judgment relating to any of the foregoing of action

☐ 459 To determine a claim or cause of action removed to a bankruptcy court

☐ 498 Other (specify)

| ORIGIN OF PROCEEDINGS<br>(Check one box only.) | ☒ 1 Original Proceeding | ☐ 2 Removed Proceeding | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another Bankruptcy Court | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 |
|---|---|---|---|---|---|

| DEMAND | NEAREST THOUSAND<br>$ 12,000.00 plus interest | OTHER RELIEF SOUGHT | ☐ JURY DEMAND |
|---|---|---|---|

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR<br>In re: Michael F. Dundon | BANKRUPTCY CASE NO.<br>04-41946-JBR (Chapter 7) |
|---|---|
| DISTRICT IN WHICH CASE IS PENDING<br>Massachusetts | DIVISIONAL OFFICE<br>Western Division | NAME OF JUDGE<br>Joel B. Rosenthal |

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

**FILING FEE**    (Check one box only.)    ☐ FEE ATTACHED    ☐ FEE NOT REQUIRED    ☐ FEE IS DEFERRED

| DATE<br>Sept. 22, 2004 | PRINT NAME<br>Attorney Gregory Splagounias | SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*Gregory Splagounias* |
|---|---|---|

Defendant Michael F. Dundon is, or at all relevant times to this action, was a fiduciary of the Dundon Consulting, Inc. d/b/a DCI Wheelchairs Unlimited 401(k) Plan ("the Plan") pursuant to §3(21)(A) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1002(21)(A), and a "fiduciary" under §523(a)(4) of the Bankruptcy Code. Michael F. Dundon committed defalcation, as defined in §523(a)(4), when he violated his fiduciary duties by failing to ensure that employee contributions were forwarded to the Plan. Losses to the Plan resulting from Mr. Dundon's defalcation, totaling $11,874.51, plus interest are non-dischargeable under the provisions of 11 U.S.C. §523(a)(4).

AO 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

_____ DISTRICT OF __Massachusetts_____

ELAINE CHAO         , Secretary of Labor,
United States Department of Labor,

                    Plaintiff,                    **SUMMONS IN A CIVIL ACTION**

                V.                               CASE NUMBER:

Michael F. Dundon

TO: (Name and Address of Defendant)
        Michael F. Dundon
        318 Dutton Road
        Sudbury, Massachusetts  01776

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

        Attorney Gregory A. Splagounias
        Office of the Regional Solicitor
        JFK Federal Building - Room E-375
        Boston, Massachusetts  02203

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

CLERK                                            DATE

BY DEPUTY CLERK

**U.S. Department of Labor**

Office of the Solicitor
John F. Kennedy Federal Building - Rm. E-375
Boston, Massachusetts 02203

Reply to the Attention of:

SOL:   GAS
SOL# 04-37891
Tel.: (617) 565-2500
Fax: (617) 565-2412

September 22, 2004

Clerk of Court
United States Bankruptcy Court
District of Massachusetts, Western Division
Donahue Federal Building
595 Main Street, Room 211
Worcester, MA 01608-2076
Tel.: (508) 770-8900
Fax: (508) 793-0189

**VIA FEDEX**

Subject:     Chao v. Michael F. Dundon
            In re Michael F. Dundon, Debtor
            Case No. 04-41946-JBR (Chapter 7)

Dear Sir or Madam:

Enclosed for filing please find an original and two copies of a Complaint for the Determination of Dischargeability of Debt and a Certificate of Service in the above referenced matter. An Adversary Proceeding Cover Sheet is also enclosed.

Thank you for your cooperation and courtesy in this matter.

Sincerely,

Frank V. McDermott, Jr.
Regional Solicitor

Gregory A. Splagounias
Trial Attorney

*Working for America's Workforce*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

FILED
IN CLERK'S OFFICE

2004 SEP 24 A 10: 30

BANKRUPTCY COURT
WORCESTER. MA.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

In re:                                 \*

                                       \*     Chapter 7

MICHAEL F. DUNDON,            \*     Case No. 04-41946-JBR

SSN: xxx-xx-0782                  \*

                    Debtor       \*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ELAINE L. CHAO,                 \*

      Secretary of the United States    \*

      Department of Labor,         \*

                                     \*     ADVERSARY PROCEEDING NO.

               Plaintiff,             \*

                                     \*

           v.                       \*

                                     \*

MICHAEL F. DUNDON,          \*

SSN: xxx-xx-0782                  \*

                                     \*

              Defendant         \*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT FOR THE DETERMINATION OF DISCHARGEABILITY OF DEBT

1.     This is an adversary proceeding to determine the dischargeability of a certain debt and it is a core proceeding.

### JURISDICTION

2.     The Court has jurisdiction over this proceeding under 28 U.S.C. §§157(a), (b)(2)(I) and 1334, and 11 U.S.C. §523(a)(4).

### PARTIES

3.     Plaintiff, Elaine L. Chao, Secretary of Labor, United States Department of Labor (hereinafter, "Secretary"), is charged with the responsibility of protecting the interests of participants in, and beneficiaries of, employee benefit plans and the plan assets held by those plans, pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 *et seq.*

4.   Defendant Michael F. Dundon (hereinafter, "Defendant Dundon") is the debtor in this bankruptcy proceeding and was the president and owner of Dundon Consulting, Inc. d/b/a DCI Wheelchairs Unlimited, a Massachusetts corporation that has also filed for liquidation under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Massachusetts, Western Division, *In re* Dundon Consulting, Inc. d/b/a DCI Wheelchairs Unlimited, bankruptcy case number 04-40591-HJB.

## ALLEGATIONS

5.   On February 27, 2004, the Secretary, through the Employee Benefits Security Administration (hereinafter, "EBSA"), initiated an investigation pursuant to ERISA of the Dundon Consulting, Inc. d/b/a DCI Wheelchairs Unlimited 401(k) Plan (hereinafter, "Plan"). The Plan is an employee pension benefit plan within the meaning of ERISA §3(2)(A), 29 U.S.C. §1002(2)(A), and which is covered under ERISA pursuant to §4(a), 29 U.S.C. §1003(a).

6.   Dundon Consulting, Inc. d/b/a DCI Wheelchairs Unlimited (hereinafter, "Dundon Consulting") was the sponsor of the Plan, as defined by ERISA §3(16)(B)(i), 29 U.S.C. §1002(16)(B)(i) and was also a party in interest within the meaning of ERISA §3(14)(A) and (C), 29 U.S.C. §1002(14)(A) and (C).

7.   At all times relevant to this action, Defendant Dundon was the sole named Plan Trustee and, as such, was a named fiduciary pursuant to ERISA §402(a)(2), 29 U.S.C. §1102(a)(2). In addition, Defendant Dundon served as the Plan Administrator and exercised discretionary authority and/or control respecting the management of the Plan, the management or disposition of its assets, and/or the administration of said Plan, and was a fiduciary with respect to the Plan within the meaning of ERISA §3(21)(A), 29 U.S.C. §1002(21)(A).

9.   Defendant Dundon was also President and sole owner of Dundon Consulting and a party in interest with respect to the Plan within the meaning of ERISA §3(14)(A), (E), and (H), 29 U.S.C. §1002(14)(A), (E), and (H).

10.   From on or about June 2002 through February 2004, Defendant Dundon violated ERISA §§404 and 406, 29 U.S.C. §§1104 and 1106 by failing to ensure that $11,874.51, which was withheld from paychecks of Dundon Consulting's employees for contribution to the Plan, and became assets of the Plan by operation of 29 C.F.R. §2510.3-102(b)(1), was forwarded to the Plan. Specifically, in failing to ensure that all withheld employee contributions were deposited to the Plan, Defendant Dundon caused the Plan to engage in prohibited transactions under ERISA §406(a) and (b), and acted in his own interest, as amounts withheld from employee contributions were used to satisfy the debts of plan sponsor Dundon Consulting, a corporation which the defendant owned and controlled. In permitting the withheld employee contributions to be used by Dundon Consulting, a corporation which defendant owned or controlled, Defendant Dundon acted on behalf of a party whose interests were adverse to the interests of the Plan. Moreover, Defendant Dundon breached his duty of

2



loyalty to the participants in the Plan under ERISA §404(a) by failing to ensure that all contributions to the Plan were properly remitted to the Plan.

11.    As a trustee and fiduciary, Defendant Dundon is indebted to the Plan in the amount of $11,874.51, plus interest opportunity losses, for employee contributions which he failed to collect and forward to the Plan.

12.    Defendant Dundon's breach of his fiduciary duties under ERISA to the Plan constitutes defalcation by the defendant while acting in a fiduciary capacity with respect to the Plan, and, therefore, losses resulting from such breach of fiduciary duty are non-dischargeable under the provisions of 11 U.S.C. §523(a)(4).

WHEREFORE, the Secretary requests that this Court determine that the aforesaid debt of approximately $11,874.51, plus interest, resulting from Defendant Dundon's defalcation in a fiduciary capacity, is non-dischargeable under 11 U.S.C. §523(a)(4), and that the Court order such other and further relief as is just and proper.

Respectfully submitted,
ELAINE L. CHAO, Secretary
United States Department of Labor

By her attorneys,

Howard M. Radzely
Solicitor of Labor

Post Office Address:
U.S. Department of Labor
Office of the Solicitor
J.F.K. Federal Building, Room E-375
Boston, MA  02203
(617) 565-2500

Frank V. McDermott, Jr.
Regional Solicitor

Gregory A. Splagounias /MDP

Gregory A. Splagounias
Trial Attorney
BBO# 567887
United States Department of Labor
Office of the Solicitor

Date: September 22, 2004

3

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

```
************************************
In re:                            *
                                  *    Chapter 7
MICHAEL F. DUNDON,                *    Case No. 04-41946-JBR
SSN: xxx-xx-0782                  *
                     Debtor       *
************************************
ELAINE L. CHAO,                   *
      Secretary of the United States  *
      Department of Labor         *
                                  *    ADVERSARY PROCEEDING NO.
          Plaintiff,              *
                                  *
          v.                      *
                                  *
MICHAEL F. DUNDON,                *
                                  *
          Defendant               *
************************************
```

CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing Secretary of Labor Elaine L. Chao's Complaint for the Determination of Dischargeability of Debt, to be delivered via first class mail on the 22nd day of September 2004 to each of the following:

David M. Nickless, Esq.
Janice G. Marsh, Esq.
Nickless & Phillips, PC
495 Main Street
Fitchburg, MA 01420

Richard King, Esq.
Office of the United States Trustee
600 Main Street
Worcester, Massachusetts 01608

Joseph Baldiga, Esq.
Mirick, O'Connell, DeMallie, Lougee
100 Front Street

Worcester, MA 01608

John B. Benton, Esq.
The John Benton Law Firm
12450 Network Boulevard
Suite 100
San Antonio, TX 78249


Victor Manougian, Esq.
Harmon Law Offices
PO Box 610389
Newton Highlands, MA 02461

Martin A. Mooney, Esq.
Deily, Mooney & Glastetter, LLP
8 Thurlow Terrace
Albany, NY 12203-1006


Gregory A. Splagounias